[No. 10363.    Department Two.    October 14, 1912.]

W. M. MEACHAM *et al., Respondents,* v. HANS PEDERSON, *Appellant.*[1]

CONTRACTS—BUILDING CONTRACTS—ASSENT—CONSIDERATION — EVIDENCE—SUFFICIENCY. The evidence is insufficient to sustain a verdict to the effect that a contract was entered into whereby the defendant, a general contractor, was to sublet to the plaintiff a part of contemplated city work, provided he obtained the city contract in consideration of the plaintiff's making an estimate on that part of the work, where it appears that the plaintiff's estimate was largely in excess of the limit fixed by the city, it was not shown that

[1]Reported in 127 Pac. 114.

the defendant used the estimate and it was customary for subcontractors to furnish such estimates and there was no other consideration for the contract.

Appeal from a judgment of the superior court for King county, Ronald, J., entered December 19, 1911, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on contract. Reversed.

*Tucker & Hyland*, for appellant.

*Preston & Thorgrimson*, for respondents.

MOUNT, C. J.—This action was brought by the plaintiffs to recover damages for the breach of an alleged contract. The defendant denied that any contract had been entered into with plaintiffs. The case was tried to the court and a jury. After the evidence for the plaintiffs was in, defendant moved the court to take the case from the jury and enter judgment for the defendant. This motion was denied. The evidence for the defendant was then heard, and at the close of all of the evidence, the defendant moved the court for a directed verdict. This motion was also denied. The jury returned a verdict for the plaintiffs. The defendant has appealed.

It appears that the city of Tacoma was about to let a contract for the construction of the Nisqually power plant, an electric plant to be built by the city. This work was estimated to cost more than a million dollars. It was divided into eight sections. One section of the work consisted of a transmission line from LaGrande to Tacoma, a distance of about thirty miles. The defendant was a general contractor, and was intending to bid upon the contract as a whole, which he did. The contract was awarded to him. The plaintiffs testified in substance that, prior to the time the contract was let by the city of Tacoma to defendant, they had an agreement with the defendant, to the effect that they would furnish to the defendant figures showing the cost of the various items included in section 8 of the contract, and also what the construction of that section would cost; that the defendant would

use this estimate upon that section in making his bid for the whole work, and that if the contract were awarded to the defendant, he would sublet section 8 to them at the figures furnished; that they did furnish the figures and estimate as agreed, and that the contract was awarded to defendant, who thereafter refused to let the work upon section 8 to them. They claim damages in a large sum.

We are convinced that the evidence on behalf of the plaintiffs was not sufficient to sustain a verdict to the effect that a contract was made and entered into. It was not claimed that the plaintiffs were copartners with the defendant, or that they were to have any interest in the general contract. Their only claim was that defendant had agreed to sublet section 8 to them, provided he obtained the contract. The consideration was that they should estimate the cost of section 8 of the contract, and that this estimate would be the basis of the bids of the defendant upon the whole contract. They testified that they did make this estimate, but it was not shown that the estimate was used. It is conceded that this estimate was about $30,000 more than the limit fixed by the city of Tacoma in the call for bids upon section 8 of the contract, and that the bid put in by the defendant was lower than the limit fixed by the city in its call for bids upon this section. Plaintiffs sought to explain this by saying that the limits fixed on other sections of the work were high enough so that the excess limit on section 8 as made by them might be apportioned to other sections; that this method of bidding was adopted by the defendant. It was not claimed that the plaintiffs were original bidders for the work, but it was conceded that they could not enter into that contract, and that they sought only section 8 of the work, and this was to be sublet to them by the defendant after the whole contract was awarded.

Plaintiffs also testified that, in order to make this estimate, they went over the ground upon which the transmission line was to be constructed and observed the character of the soil

16—70 WASH.

and the cost of the poles and other materials, and that this was necessary in order to determine the estimate. They also admitted that this was ordinarily done when bidding upon a subcontract, and that it was usual for intending subcontractors to furnish estimates upon portions of the work to a general contractor prior to the bidding upon the general contract. No other consideration for the contract was proved, or attempted to be proved. The whole testimony of the plaintiffs convinces us that the parties were simply negotiating for a contract, and never went beyond that stage; that no agreement was ever reached, and that no contract was ever entered into. The utmost which can be reasonably claimed from the evidence is that the parties intended to enter into a subcontract which should be reduced to writing when the terms were later agreed upon. An action can be based only upon a completed contract. *McDonnell v. Coeur d'Alene Lumber Co.*, 56 Wash. 495, 106 Pac. 135, 26 L. R. A. (N. S.) 222.

It follows that the trial court should have sustained the defendant's motion. The judgment is reversed, and the cause ordered dismissed.

FULLERTON, CHADWICK, CROW, and ELLIS, JJ., concur.